# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CHARLES J. THOMPSON,**

        **Plaintiff,**

**-vs-**                                     **Case No. 6:09-cv-794-Orl-31KRS**

**WYNDHAM VACATION RESORTS, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND APPROVAL OF SETTLEMENT (Doc. No. 176)**
>
> **FILED:** **June 17, 2011**

### I. PROCEDURAL HISTORY.

Plaintiff Charles J. Thompson and others similarly situated and Defendant Wyndham Vacation Resorts, Inc. have advised the Court that they entered into a settlement agreement resolving this case. A total of 116 plaintiffs joined Thompson in this case following the Court's granting of a motion for conditional certification, Doc. No. 37. *See* Doc. No. 165-1 at 5. Two plaintiffs, Pamela Parker and Jose Aponte, withdrew from the case. Doc. Nos. 169, 171. The parties seek a finding that the settlement is a fair resolution of a bona fide dispute under the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201 *et seq.,* as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties previously filed a copy of the settlement agreement executed by Thompson on behalf of himself and the other plaintiffs. Doc. No. 165-1.

The settlement agreement provides for a total payment of $600,000.00 in settlement of the claim, $275,813.89 of which will be distributed to the plaintiffs, and $324,186.11 of which is for attorneys' fees and costs. A spreadsheet attached to the settlement agreement outlines the payment to each plaintiff, and included payments for non-compensated overtime as well as an equal amount in liquidated damages. Doc. No. 165-1 at 5-7.

The Court previously denied approval of the settlement because several plaintiffs had indicated in their interrogatories that they were entitled to more payment than they received under the settlement and the attorneys' fees were excessive in light of the parties' compromise of their claims. Doc. No. 166.

The parties request approval of their settlement again, and have provided consent forms signed by every plaintiff except Danielle Adams. The consent forms state that the amount received by each plaintiff "represents complete payment of my unpaid overtime claims and an equal amount in liquidated damages. I understand that this amount equals 100% of my overtime claims and would be the amount that I would have sought to be awarded if the case had gone to trial." *See, e.g.*, Doc. No. 167-1 at 1. The parties represent that Adams is recovering all the overtime she claimed in her answers to the court's interrogatories, plus an equal amount as liquidated damages

**II.     APPLICABLE LAW.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation

under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

　　*A.　Settlement Recovery.*

Each plaintiff signed a consent form which represented that the recovery under the settlement constituted full payment for back wages and liquidated damages and was the amount

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

-3-

they would have sought in trial. Doc. No. 167-1. The parties jointly petition the Court for approval of their settlement and it appears that the plaintiffs voluntarily entered into the settlement. *Id*.[2] The parties represent that Adams will receive the amount she claimed in her answers to the court interrogatories.

In light of these representations, the Court finds that none of the plaintiffs have compromised their claims. Accordingly, the Court need not scrutinize the settlement further to consider whether the payment to plaintiffs' attorneys is reasonable.

*B. Fairness Finding.*

Plaintiffs have not compromised their FLSA claim. Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV. RECOMMENDATION.

For the forgoing reasons, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;
2. **GRANT** the Joint Motion for Dismissal with Prejudice, Doc. No. 176;
3. **PROHIBIT** counsel for Plaintiffs from withholding any portion of the proceeds payable to Plaintiffs under the settlement agreement pursuant to a contingent fee agreement or otherwise;

[2] The Court remains concerned that some Plaintiffs have provided conflicting statements to the Court regarding the FLSA compensation due to them. The better practice would be to file amended answers to interrogatories to reflect a change in the claim for FLSA compensation with an explanation for the revision at the time that discovery disclosed that the original estimate was not correct.

4. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to each plaintiff; and

5. **DIRECT** the Clerk of Court to close the file administratively with leave of the parties to file a motion for dismissal or for entry of judgment within thirty days.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 1, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy